IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                    Criminal No. 3:16cr143

ROBERT E. KENNEY, JR.

### MEMORANDUM OPINION

This matter is before the Court on the defendant's MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP
ACT WITH MEMORANDUM OF LAW (ECF No. 47), the United States'
Response in Opposition to Defendant's Motion for Compassionate
Release (ECF No. 53), the DEFENDANT'S REPLY IN SUPPORT OF MOTION
FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)
(ECF No. 55), and the information attached thereto.  For the
reasons set forth below, the defendant's MOTION FOR COMPASSIONATE
RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT WITH
MEMORANDUM OF LAW (ECF No. 47) will be denied.

### BACKGROUND

Pursuant to a plea of guilty, the defendant pleaded guilty to
a distribution of heroin, in violation of 21 U.S.C. § 841
(b)(1)(C).  The offense conduct in the defendant's case began in
late 2015 and continued until his arrest in July 2016.  According

to the STATEMENT OF FACTS in the case, the defendant was responsible for distributing at least 700 grams of heroin but less than one kilogram of the substance. The defendant was determined to be a career offender. His base offense level was 32 and his Criminal History Category was VI. The total offense level was 29 and with the Criminal History Category of VI, it led to a guideline range of 151 to 188 months. Having granted a motion of the Government under § 5K1.1, the Court sentenced the defendant on August 3, 2017 to a term of imprisonment of 96 months. The defendant's anticipated release date is July 21, 2023.

The record reflects that, while in prison, the defendant has completed non-residential drug treatment and is enrolled in the Bureau of Prisons' 500 hour drug treatment program. In addition to that, the defendant has completed (and has submitted certificates evidencing completion) of some 17 courses, some involving personal improvement and others involving vocational training. The record thus shows that the defendant is making significant attempts to turn his life around. The defendant has committed three disciplinary infractions (destroying items, possessing drugs or alcohol, and refusing a work assignment). The defendant has a significant criminal history involving firearm offenses, drug offenses, failing to appear, driving offenses,

2

larceny, and assault.  His two drug distribution offenses qualified him for consideration as a career offender.

The defendant moves for compassionate release because he is a black male who is obese, has a heart murmur, gastro-reflux and sleep apnea.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).  United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread.  United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).  In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the

United States Sentencing Guidelines.  See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019).  The guidelines teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious.  Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, _____ F. Supp.3d _____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1.  Particularized Susceptibility

The defendant has established that he is a black male who suffers from obesity, a heart murmur, gastro-reflux, and sleep apnea. However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement. "BOP's guidance, read in conjunction with Application Notes § 1B1.13 teach that a defendant's medical condition must be one of substantial severity and irremediability

4

. . . ."   <u>United States v. Lisi</u>, No. 15-cr-457, 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020), <u>reconsideration denied</u>, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020).  It appears that the conditions on which Kenney bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release."   <u>United States v. Ayon-Nunez</u>, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

As if unmindful of these guiding principles, the United States effectively concedes the first facet of the test because Kenney, who stands 5'9" and weighs 246 pounds, has a body mass index of 36.3 and "as such, Kenney has demonstrated a higher susceptibility to COVID-19."  (ECF No. 53, p. 8).  Thus, even though Kenney has not satisfied the showing of a serious medical condition or that his chronic conditions cannot be adequately treated in the BOP, the Court will accept that Kenny has satisfied the first facet of the test.

### 2.   Particularized Facility Risk

However, Kenney has not met the particularized facility risk component of the test.  His motion cites press releases respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Petersburg, the defendant's facility of incarceration.  Further, the record

5

reflects that, at the time of the filing of the Government's papers, FCI Petersburg had 15 active case of COVID-19 among inmates, 3 active cases of COVID-19 among staff, and 191 inmates who had previously recovered from COVID-19.  There had been one inmate death.  On this record, it cannot be found that Kenney has met the "particularized facility" risk component of the test.

### 3.    Assessment Under 18 U.S.C. § 3553(a)

But, even if Kenney had met the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a).  Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community.  The defendant argues, in conclusory fashion, that he is not a danger to the community.  That, he says, is largely because of the fact that he has taken drug treatment courses, personal improvement courses, and vocational courses.  And, indeed, he has done all of those things and has put his time in prison to date to good use.  Thus, he has, to some extent, rehabilitated himself.

However, Kenney has a long history of serious drug dealing and an extremely serious criminal history.  In sum, for years, Kenney has proved himself to be a danger to the community.  Thus,

6

continued incarceration is necessary to protect the community, deter Kenney, and promote respect for the law.  And that need is not offset by Kenney's commendable efforts toward rehabilitation.

## CONCLUSION

For the foregoing reasons, the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT WITH MEMORANDUM OF LAW (ECF No. 47) will be denied.

It is so ORDERED.

/s/               REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:   February  4  , 2021

7